UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

**LESLIE JAMES PICKERING**
356 Fargo Avenue
Buffalo, NY 14213

**GEOFF KELLY**
**ARTVOICE**
810 Main Street
Buffalo, NY 14202,

                    Plaintiffs,

      v.

**U. S. DEPARTMENT OF JUSTICE**
950 Pennsylvania Avenue, N. W.
Washington, DC 20530,

**UNITED STATES POSTAL SERVICE**
475 L'Enfant Plaza, S. W.
Washington, DC 20260,

**TRANSPORTATION SECURITY ADMINISTRATION**
601 South 12th Street
Arlington, VA 20598,

                    Defendants.
_____

## <u>Complaint</u>

1. This is an action under the Freedom of Information Act (FOIA), 5 USC §552, for injunctive and other appropriate relief and seeking the disclosure and release of agency records pertaining to Leslie James Pickering improperly withheld from Plaintiffs by Defendants Department of Justice (DOJ), United States Postal Service (USPS) and Transportation Security Administration (TSA).

**Jurisdiction and Venue**

2.   This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 USC §552 (a) (4) (B).  This Court also has jurisdiction over this action pursuant to 28 USC §1331.  Venue lies in this district under 5 USC §552 (a) (4) (B).

**Parties**

3.  Plaintiff Leslie James Pickering is the proprietor of Burning Books, a bookstore located at 420 Connecticut Street, Buffalo, NY 14213.  Mr. Pickering has a long, documented history of free speech activity revolving around environmental and social justice issues.

4.  Plaintiff Geoff Kelly is the editor of **Artvoice**, a weekly newspaper that is circulated throughout Buffalo and Western New York.

5.   Defendant DOJ is a Department of the Executive Branch of the United States Government and includes component entities Federal Bureau of Investigation (hereinafter FBI) and Executive Office for United States Attorneys (hereinafter EOUSA).  The DOJ is an agency within the meaning of 5 USC §552 (f).

6.   Defendant USPS is an independent establishment of the executive branch of the Government of the United States.  USPS is an agency within the meaning of 5 USC §552 (f).

7.   Defendant TSA is an administration of the Department of Transportation.  The Department of Transportation is an Executive Department of the United States Government.  TSA is an agency within the meaning of 5 USC §552 (f).

**FIRST CAUSE OF ACTION**

**Facts**

8.  By letter dated September 20, 2012, addressed to the FBI, Plaintiff, Geoff Kelly (hereinafter Kelly), requested copies of all records pertaining to Leslie James Pickering (hereinafter Pickering) under FOIA.  See Exhibit 1.

9.  By letter dated September 26, 2012, Mr. David T. Szumski, Chief Division Counsel, FBI, Buffalo Field Office, advised Kelly that his FOIA request had been referred to FBI Headquarters for processing.  See Exhibit 2.

10.  By letter dated October 10, 2012, Mr. David M. Hardy, Section Chief, Record/Information Dissemination Section, Records Management Division, FBI, informed Kelly that in order for his FOIA request to be processed it would be necessary for Pickering to execute a Certification of Identity form.  See Exhibit 3.

11.  By letter dated November 2, 2012, Kelly notified the FBI that he had included a Certification of Identity form with his original FOIA request.  See Exhibit 4.

12.  Defendant FBI failed to respond to Kelly's letter dated November 2, 2012 in any manner.

13.  By letter dated January 23, 2013, addressed to DOJ, Kelly treated the failure on the part of the FBI to produce the sought-after records as a denial and filed an administrative appeal with DOJ, Office of Information Policy (hereinafter OIP).  See Exhibit 5.

14.  By letter dated April 1, 2013, addressed to OIP, Kelly inquired as to the status of his administrative appeal.  See Exhibit 6.

15.  By letter dated April 19, 2013, 2013, Ms. Priscilla Jones, Supervisory Administrative Specialist, OIP, advised Kelly that his administrative appeal dated January 23, 2013 had been received on April 8, 2013 and that it had been assigned number AP-2013-02816.  See Exhibit 7.

16.  By letter dated May 9, 2013, Mr. Sean R. O'Neill, Chief, Administrative Appeals Staff, DOJ, OIP, informed Kelly that his appeal file was being closed on the basis that it was untimely.  See Exhibit 8.

17.  Under 5 USC §552 (a) (6) (A) and 5 USC §552 (a) (6) (C), Kelly has exhausted the applicable administrative remedies with respect to his FOIA request.

18.  Kelly has a right of prompt access to the requested records under 5 USC §552 (a) (3) (A) and the FBI has wrongfully withheld the sought-after documents from Kelly.

## SECOND CAUSE OF ACTION

### Facts

19.  By letter dated September 21, 2012, addressed to the USPS, Kelly requested copies of all records pertaining to Leslie James Pickering.  See Exhibit 9.

20.  By letter dated October 1, 2012, Ms. Cheryl A. B. Gardner (hereinafter Gardner), FOIA Analyst, Office of General Counsel, USPS, advised Kelly that in order for his FOIA request to be processed it would be necessary to provide a photocopy of Pickering's personal identification, along with the geographical area(s) in which Kelly had reason to believe maintained information concerning Mr. Pickering.  See Exhibit 10.

21.  On October 25, 2012, Kelly faxed a photocopy of Pickering's New York State Driver License to USPS.  See Exhibit 11.

22.   By letter dated October 25, 2013, Gardner requested that Kelly furnish a written statement from Pickering authorizing the release of any records the Postal Inspection Service may have in its possession.  See Exhibit 12.

23.   By letter dated November 15, 2012, Kelly provided USPS with a Certification of Identity form.  See Exhibit 13.

24.   By letter dated January 23, 2013, addressed to the USPS Chief Counsel, Kelly treated the failure on the part of the USPS to produce the sought-after records as a denial and filed an administrative appeal.  See Exhibit 14.

25.   By letter dated April 1, 2013, addressed to the USPS Chief Counsel, Kelly inquired as to the status of his administrative appeal.  See Exhibit 15.

26.   By letter dated April 11, 2013, Mr. Christopher T. Klepac (hereinafter Klepac), Chief Counsel, Federal Requirements, USPS advised Kelly that USPS had no record of receiving his administrative appeal.  See Exhibit 16.

27.   By letter dated April 19, 2013, Klepac informed Kelly that his FOIA appeal was being remanded to the United States Postal Inspection Service for further action and direct response to him.  See Exhibit 17.

28.   By letter dated April 30, 2013, Gardner released 26 pages in full or in part.  An indeterminate number of pages were withheld in their entirety.  See Exhibit 18.

29.   By letter dated May 24, 2013, addressed to Chief Counsel, FOIA/Privacy and Government Relations, USPS, Kelly filed an administrative appeal.  See Exhibit 19.

30.   More than 20 days have passed since the USPS received Kelly's FOIA request, and it has not notified Kelly as to whether it will fully comply with his request.  Thus, under 5 USC

§552 (a) (6) (A) and 5 USC §552 (a) (6) (C), Kelly has exhausted the applicable administrative remedies with respect to his FOIA request.

31.  Kelly has a right of prompt access to the requested records under 5 USC §552 (a) (3) (A) and the USPS has wrongfully withheld the sought-after documents from Kelly.

## THIRD CAUSE OF ACTION

### Facts

32.  By letter dated February 27, 2013, counsel for Pickering submitted a FOIA request on his behalf to EOUSA for copies of any and all records pertaining to him.  See Exhibit 20.

33.  By letter dated April 10, 2013, Pickering's counsel treated the failure on the part of the EOUSA to produce the sought-after records as a denial and filed an administrative appeal with OIP.  See Exhibit 21.

34.  By letter dated April 8, 2013, and received by Pickering's counsel on April 10, 2013, EOUSA denied Pickering's FOIA request.  See Exhibit 22.

35.  By letter dated April 11, 2013, addressed to OIP, Pickering filed an administrative appeal with the OIP.  See Exhibit 23.

36.   By letter dated April 26, 2013, Ms. Priscilla Jones, Supervisory Administrative Specialist, OIP, advised counsel for Pickering that his administrative appeal dated April 10, 2013 had been received on April 23, 2013 and that it had been assigned number AP-2013-02906.  See Exhibit 24.

37.  35.  By letter dated May 2, 2013, Ms. Priscilla Jones, Supervisory Administrative Specialist, OIP, advised counsel for Pickering that his administrative appeal dated April 11, 2013 had been received on April 15, 2013 and that it had been assigned number AP-2013-02915.  See Exhibit 25.

38.   By letter dated May 23, 2013, Mr. Sean R. O'Neill (hereinafter O'Neill), Chief, Administrative Appeals Staff, OIP, claimed that EOUSA had no record of receiving Pickering's FOIA request.  See Exhibit 26.

39.   By letter May 29, 2013, addressed to O'Neill, Pickering furnished a copy of his February 27, 2013 FOIA request and the delivery record from the United States Postal Service showing this his request had been delivered to EOUSA on March 1, 2013.  See Exhibit 27.

40.   More than 20 days have passed since the EOUSA received Pickering's FOIA request, and it has not notified Pickering as to whether it will fully comply with his request. Thus, under 5 USC §552 (a) (6) (A) and 5 USC §552 (a) (6) (C), Pickering has exhausted the applicable administrative remedies with respect to his FOIA request.

## FOURTH CAUSE OF ACTION

### Facts

41.   By letter dated March 29, 2013, counsel for Pickering submitted a FOIA request on his behalf to TSA for copies of any and all records pertaining to him.  See Exhibit 28.

42.   By letter dated April 10, 2013, Ms. Aeron J. Pineiro (hereinafter Pineiro), Operations Manager, Freedom of Information Act Branch, Office of Civil Rights & Liberties, Ombudsman and Traveler Engagement, TSA, acknowledged receipt of Pickering's FOIA request and indicated that it had been assigned case number TSA13-0548.  See Exhibit 29.

43. On April 22, 2013, Pineiro telephoned counsel for Pickering in order to determine the scope of his FOIA request.

44.   By letter dated May 21, 2013, addressed to Associate Counsel, General Law, Department of Homeland Security, Pickering filed an administrative appeal.  See Exhibit 30.

45.   More than 20 days have passed since the TSA received Pickering's FOIA request, and it has not notified Pickering as to whether it will fully comply with his request.  Thus, under 5 USC §552 (a) (6) (A) and 5 USC §552 (a) (6) (C), Pickering has exhausted the applicable administrative remedies with respect to his FOIA request.

46.   Pickering has a right of prompt access to the requested records under 5 USC §552 (a) (3) (A) and the TSA has wrongfully withheld the sought-after documents.

### Requested Relief

Wherefore, Plaintiffs prays that this Court:

1.   order Defendants to disclose the requested records in their entireties and make copies available to Plaintiffs;

2.   provide for expeditious proceedings in this action;

3.   award Plaintiffs their costs and reasonable attorneys fees incurred in this action; and

4.   grant such other relief as the Court may deem just and proper.

Dated: June 26, 2013

Respectfully submitted,


*s/michael kuzma*
Michael Kuzma, Esq.
Counsel for Plaintiffs
1893 Clinton Street
Buffalo, NY 14206
(716) 822-7645
Kuzma_Michael@hotmail.com

_s/daire brian irwin_
Daire Brian Irwin, Esq.
Counsel for Plaintiffs
210 Voorhees Avenue
Buffalo, NY 14214
(716) 837-5631
dbi59@roadrunner.com

Of Counsel:

Joseph M. Finnerty, Esq.
Hiscock & Barclay, LLP
1100 M & T Center
3 Fountain Plaza
Buffalo, NY 14203
(716) 566-1471
JFinnerty@hblaw.com